UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLES W. EADEN, SID #1107277, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | SA-21-CV-00486-XR |
| § | |
| JOE D. GONZALES, Bexar County § | |
| District Attorney; JOE HOOKER, Bexar § | |
| County Assistant District Attorney; § | |
| MELISSA SKINNER, Bexar County § | |
| Assistant District Attorney; § | |
| MONTEZ PORTER, SAPD Homicide, § | |
| Badge #2206, § | |
| § | |
| Defendants. § | |

**ORDER OF PARTIAL DISMISSAL**

Before the Court is Plaintiff Charles W. Eaden's ("Eaden") *pro se* 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 6). Eaden is proceeding *pro se*, and the Court granted his Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 2, 4). Upon review, the Court orders Eaden's section 1983 claims against Defendants Bexar County District Attorney Joe D. Gonzales, Bexar County Assistant District Attorney Joe Hooker, and Bexar County Assistant District Attorney Melissa Skinner ("the Prosecutors") **DISMISSED WITH PREJUDICE** because such claims are barred by prosecutorial immunity. (ECF No. 6); *see* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2). The Court further orders Eaden's section 1983 claims against Defendant San Antonio Police Department Detective Montez Porter ("Detective Porter") that are based on his arrest and conviction for aggravated assault with a deadly weapon (state trial court cause number 2019CR4480) **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, subject to the claims being reasserted once the conditions

mandated by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) are met. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

## BACKGROUND

Eaden is currently confined in the Bexar County Adult Detention Center awaiting trial on the following charges: (1) unlawfully carrying a weapon (state court cause number 2019CR10202); (2) two counts of felon in possession of a firearm (state court cause numbers 2019CR4479 and 2019CR8192); and (3) aggravated assault with a deadly weapon (2019CR10201). *See* https://search.bexar.org/Case/CaseSummary?r=2ede208f-bf26-4a99-afa3-c4856cc7b918&st=s&s=1107277 &cs=&ct=&= (last visited July 23, 2021). Eaden was previously arrested and convicted by a jury of aggravated assault with a deadly weapon (state court cause number 2019CR4480); he was sentenced to forty years' confinement in the Texas Department of Criminal Justice. *See* https://search.bexar.org/Case/CaseDetail?r=55a43f68-b5ec-44dd-96b8-452133f6ef45&st=s&s=1107277&cs=&ct=&=,,,,,,,,,,,,,,&full=y&&p=1_2019CR4480+++++D1441869093100000 (last visited July 23, 2021). Eaden's appeal from that conviction is currently pending in the Fourth Court of Appeals. *See* https://search.txcourts.gov/Case.aspx?cn=04-19-00871-CR&coa=coa04 (last visited July 23, 2021). Charges in two other cases—burglary of a habitation with intent to commit assault (state court cause number 057668) and making terroristic threats toward a family or household member (state court cause number 609746)—were ultimately dismissed by the State. *See* https://search.bexar.org/Case/CaseSummary?r=2ede208f-bf26-4a99-afa3-c4856cc7b918&st=s&s=1107277 &cs=&ct=&=.

In his Amended Complaint, Eaden brings civil rights claims against the Prosecutors and Detective Porter. (ECF No. 6). Eaden contends the Prosecutors, in their individual capacities, violated his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments, specifically asserting allegations of false imprisonment, excessive bail, cruel and unusual punishment, violations of due process, and denial of a speedy trial.[1] (*Id.*). As is relevant to this Order of Partial Dismissal, Eaden contends Detective Porter violated his rights under the Fourth and Fourteenth Amendments, specifically alleging the detective fabricated evidence to obtain an arrest warrant for the offense of aggravated assault with a deadly weapon and committed perjury at the trial for that offense (state court cause number 2019CR4480).[2] As relief, Eaden seeks compensatory and punitive damages. (*Id.*).

## APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is: (1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, (ii) fails to state claim on which relief may be granted, or (iii) seeks monetary relief from defendant who is immune from such relief). Such a dismissal may occur at any time, before or after service of

---

[1] In his original Complaint, Eaden also sued the Prosecutors in their official capacities. (ECF No. 1). However, in his Amended Complaint Eaden dropped his claims against the Prosecutors in their official capacities. (ECF No. 6).

[2] Eaden also claims Detective Porter fabricated evidence to obtain a warrant for his arrest for burglary of a habitation with intent to commit assault, which was ultimately dismissed. (ECF No. 6). However, claims based on this allegation are not part of this Order of Partial Dismissal and will remain pending.

process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Nevertheless, district courts possess broad discretion when determining whether an IFP proceeding is frivolous. *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Such broad discretion is necessary because the Federal Rules of Civil Procedure are inadequate to protect the courts and defendants from frivolous litigation from indigent prisoners. *Green*, 788 F.2d at 1119 (quoting *Jones v. Bales*, 58 F.R.D. 453, 463 (N.D. Ga. 1972), *aff'd by adopting district court's reasoning*, 480 F.2d 805 (5th Cir. 1973)).

## ANALYSIS

### *Claims Against the Prosecutors — Prosecutorial Immunity*

Eaden contends the Prosecutors violated his constitutional rights in their pursuit of the various criminal charges against him. (ECF No. 6). He describes their conduct as "vindictive and cruel," claiming they acted outside their roles as prosecutors based on their allegedly unprincipled behavior. (*Id.*). Accordingly, he contends they are not entitled to immunity.

Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the State by initiating and pursuing prosecutions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020). "[A]cts undertaken

5

by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious, wanton, or willful if the actions occur in the exercise of the advocatory function. *Morgan*, 969 F.3d at 244.

The Court finds Eaden's claims against the Prosecutors are based on actions taken in their pursuit of prosecutions against him for various criminal offenses. More specifically, his claims of civil rights violations by the Prosecutors are based on their actions relating to institution and revocation of bond, efforts to obtain indictments, and the actual prosecution of Eaden on various charges. (ECF No. 6). These actions are all within the course and scope of their representation of the State in the judicial proceedings against Eaden. *See Buckley*, 509 U.S. at 269–73; *Morgan*, 969 F.3d at 244. Eaden has not alleged any facts showing the Prosecutors were acting outside the course and scope of their roles as advocates for the State with regard to the criminal charges levied against him. (*Id.*) His contention that the Prosecutors' actions were "vindictive and cruel" does not negate their entitlement to immunity. *See Morgan*, 969 F.3d at 244.

### *Claims Against Detective Porter — Heck–Barred*

Eaden contends Detective Porter violated his constitutional rights with regard to his arrest and conviction for aggravated assault with a deadly weapon in state court cause number 2019CR4480. (ECF No. 6). Eaden claims the detective fabricated evidence to secure a warrant for his arrest and then perjured himself at trial, resulting in Eaden's conviction. (*Id.*).

In *Heck v. Humphrey*, the Supreme Court held that to recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by unlawful action that would

render a conviction or sentence invalid, a plaintiff pursuing a section 1983 action "must prove his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994).

Eaden has not alleged, much less proven, that his conviction for aggravated assault with a deadly weapon in state court cause number 2019CR4480 has been reversed, expunged, declared invalid, or otherwise called into question. (ECF No. 6). In fact, records from the Texas Fourth Court of Appeals show the appeal from that conviction is pending. *See* https://search.txcourts.gov/Case.aspx?cn=04-19-00871-CR&coa=coa04. Accordingly, in this section 1983 suit, Eaden cannot recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by alleged unlawful actions by Detective Porter that might render his conviction or sentence for aggravated assault with a deadly weapon in state court cause number 2019CR4480 invalid. *See Heck*, 512 U.S. at 486–87.

## CONCLUSION

Based on the foregoing, the Court finds that Eaden's section 1983 claims against the Prosecutors in their individual capacities for monetary damages—the only relief sought—are barred by prosecutorial immunity. The Prosecutors' actions upon which Eaden bases his claims occurred in the course and scope of the Prosecutors' roles as advocates for the State, entitling them to absolute immunity. It is irrelevant that their actions may have been malicious, vindictive, or cruel as alleged by Eaden. In addition, Eaden's section 1983 claims against Detective Porter for monetary damages—again, the only relief sought—based on his arrest and conviction for aggravated assault with a deadly weapon in state court cause number 2019CR4480 are presently

barred under *Heck v. Humphrey* because the conviction has not been reversed on direct appeal, expunged, declared invalid, or otherwise called into question. Accordingly, Eaden's claims against the Prosecutors are subject to dismissal based on prosecutorial immunity, and his claims against Detective Porter are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii), 1915A(b)(1), (2).

**IT IS THEREFORE ORDERED** that Eaden's section 1983 claims against Defendants Bexar County District Attorney Joe D. Gonzales, Bexar County Assistant District Attorney Joe Hooker, and Bexar County Assistant District Attorney Melissa Skinner (ECF No. 6) are **DISMISSED WITH PREJUDICE** because they are barred by immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

**IT IS FURTHER ORDERED** that Eaden's section 1983 claims against Defendant San Antonio Police Department Detective Montez Porter that are based on Eaden's arrest and conviction for aggravated assault with a deadly weapon in state trial court cause number 2019CR4480 are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, subject to the claims being reasserted once the conditions mandated by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) are met. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

Eaden's claims against Defendant San Antonio Police Department Detective Montez Porter that are based on Eaden's arrest for burglary of a habitation with intent to commit assault in state trial court cause number 057668 remain pending.[3]

It is so **ORDERED**.

**SIGNED** this 24th day of July, 2021.

                                                Xavier Rodriguez
                                                United States District Judge

---

[3] When Eaden filed his Amended Complaint in response to this Court's Show Cause Order, he dropped his claims against Defendants William McManus, Brooke Phillips, and Brandi Cooper, who were named as defendants in his original Complaint. (ECF Nos. 1, 5, 6).